UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GOLF SCIENCE CONSULTANTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CV-152 |
| v. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| ROB CHENG and | ) | |
| BOSS INTERNATIONAL | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendants' Renewed Motion to Compel [Doc. 17].

Pursuant to paragraph 3(i)(1) of the Scheduling Order [Doc. 8], a telephone conference was held on

November 8, 2008, to address numerous discovery disputes in this matter. However, a number of

the discovery disputes persist, and accordingly, the Defendants filed the Renewed Motion to Compel

[Doc. 17] on December 30, 2008. The motion has been referred to the undersigned by order [Doc.

18] of the District Court pursuant to 28 U.S.C. § 636(b). The parties came before the Court on

February 11, 2009, to address the pending motion. Attorney John Threadgill was present

representing Golf Science Consultants, Inc., ("GSC") and Attorney Mark Wiletsky was present via

telephone representing Rob Cheng and Boss International.

As an initial matter, the parties reviewed the progress made since the telephone conference

and the filing of the Renewed Motion to Compel. Atttorney Threadgill stated that he sent an email

to Attorney Wiletsky on January 14, 2009, stating his belief that as of that date the Plaintiff had fully

complied with the Defendants' discovery requests. Attorney Threadgill also noted that the primary

shareholder of Golf Science Consultants, Howard Butler ("Mr. Butler"), was deposed earlier this month and supplied much of the requested information in his oral testimony. Attorney Wiletsky confirmed that some of the requests to compel discovery were mooted by obtaining documents from state litigation between GSC and one of its former subcontractors, Doug Winfield ("Mr. Winfield"). Attorney Wiletsky stated that the only remaining disputes related to requests for production ("RFP") 1, 5, and 6 from Defendant's first set of discovery requests. The Court addressed each of these in turn.

<u>Request for Production One</u>

Request for production one ("RFP 1") is the same in both the first set and second set of interrogatories and asks that the Plaintiff, "Produce all Documents Identified in Your responses to any Discovery Request, disclosure, or supplement(s) thereto." In its supplemental response to interrogatory one of the Defendant's first set of discovery requests, the Plaintiff identified an agreement with Strategic Shaft Technologies, L.C., as one of its attempts to secure work or engagement of services for GSC. Thus, in light of this answer to interrogatory one, the Plaintiff was required by RFP 1 to attach any documents relating to this agreement.

At the hearing, the Defendant explained that this agreement related to the Plaintiff's ability to mitigate its damages and noted that Mr. Butler only made guesses and estimates of the value and terms of this contract when he was deposed. The Plaintiff maintained that it had already supplied the Defendant with tax documents which detailed GSC's income from this period, and thus, addressed mitigation. If the Strategic Shaft Technologies contract was to be released, the Plaintiff sought a protective order. The Defendant responded that the contract also went to Mr. Butler and GSC's business practices, another issue in this case. The Defendant noted that the Plaintiff's failure

2

to respond to these discovery requests in a timely fashion constituted waiver of any confidentiality objection under Federal Rule of Civil Procedure 33(b)(4), but nonetheless, stated that it would execute an agreed protective order and that information in the Strategic Shaft Technologies contract, other than income figures, would be designated as "attorneys' eyes only."

Based on the foregoing, the Court finds a protective order to be appropriate, at least in regards to some information in the contract. The Court instructed the parties to compose an agreed protective order. This order should designate all information in the Strategic Shaft Technologies contract, other than income figures, as "attorneys' eyes only." The Court noted that the Plaintiff sent the Defendant a proposed protective order on January 26, 2009, and suggested this proposed version be the starting point for negotiations on the agreed order. The parties shall agree to the terms of the protective order and submit a proposed order to the Court on or before **February 25, 2009.** After the Court enters the agreed protective order, the Plaintiff shall immediately produce the Strategic Shaft Technologies contract.

In another issue related to RFP 1, the Defendant sought documentation of GSC's payments to its subcontractors. The Defendant asked Mr. Butler about these figures at his deposition, but Mr. Butler was unable to provide specific numbers. The Plaintiff agreed to disclosure of the subcontractor payment information subject to a protective order and designation as "attorneys' eyes only." The Court finds that these documents shall be subject to the same protective order described above but will not be designated as "attorneys' eyes only." Upon entry of the protective order, the requested information (and supporting documentation) regarding the amounts paid by GSC to its subcontractors shall immediately be provided to the Defendant.

<u>Request for Production 5</u>

Request for production ("RFP 5") from the Defendant's first set of discovery requests asks the Plaintiff to, "Produce all Documents Identified in Your responses to any Discovery Request, disclosure, or supplement(s) thereto." At the hearing, the Defendant explained that the Plaintiff has settled state litigation it instituted against Mr. Winfield, a subcontractor. The Defendant maintains that the GSC-Winfield lawsuit and the instant case involve related allegations and that the prior settlement is peritnent to this litigation. Mr. Butler refused to answer any questions regarding the settlement at his deposition, and the Plaintiff maintains that the agreement is confidential. However, the Plaintiff had no objection to turning over the settlement agreement if it were subject to the agreed protective order and designated as "attorneys' eyes only."

Accordingly, the Court finds that the settlement agreement from the litigation between GSC and Mr. Winfield shall be subject to the agreed protective order described above, and its contents shall be designated as "attorneys' eyes only." Upon entry of the protective order, the settlement agreement shall immediately be provided to the Defendant.

<u>Request for Production Six</u>

Finally, request for production six ("RFP 6") from the Defendant's first set of discovery requests asks that the Plaintiff, "Produce all Documents Concerning any Communications between or among You and any witness(es) You believe may have knowledge about the allegations of Your Complaint." The Plaintiff's initial response to RFP 6 was "attached hereto," which the Court previously deemed unacceptable. The Defendant acknowledged that the Plaintiff disclosed a number of emails and transcribed phone calls as part of its supplemental responses [Docs. 17-9 and 17-10], but the Defendant maintained that these documents were not identified and labeled in a way that the

4

Defendant could determine which documents corresponded to which interrogatory or RFP. Further, the Defendant sought confirmation that the documents disclosed constituted the entirety of the documents pertinent to RFP 6. The Plaintiff maintained that all the pertinent documents were included in the supplemental disclosure.

Based on the foregoing, the Court finds that the Plaintiff has disclosed the pertinent documents, but the Court also finds that these documents have not been properly labeled to correspond to RFP 6 or other discovery requests. As the Court instructed the Plaintiff in the telephonic conference, the Plaintiff shall respond to RFP 6 by either listing specifically described exhibits or using Bates stamps to label the documents and then referencing the stamp number of the pages containing pertinent information. The Plaintiff's properly labeled response shall be submitted to the Defendant on or before **February 25, 2009.**

In summary,

1. The Court instructed the parties to compose an agreed protective order and submit it to the Court on or before **February 25, 2009**;

2. This protective order will apply to:

A. The Strategic Shaft Technologies contract, and designate all information in the contract, other than income figures, as "attorneys' eyes only;"

B. The payment information relating to GSC's subcontractors (and supporting documentation), but this information shall not be designated as "attorneys' eyes only;" and

C. The settlement agreement from the litigation between GSC and Mr. Winfield, and designate the settlement agreement's contents as "attorneys' eyes only;"

3. Upon entry of the protective order, the above listed documents shall **immediately** be provided to the Defendant;

5

4. Finally, the Plaintiff shall respond to RFP 6 by either listing specifically described exhibits or using Bates stamps to label the documents, on or before **February 25, 2009**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge